IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-01727-WJM-SKC

KANDICE L. RAVEN,

    Plaintiff,

v.

DEAN WILLIAMS,
TRAVIS TRANI,
MICHELLE NELSON,
RYDER MAY,
DAVID BLAKELY,
JASON WALLACE, and
STEVEN BLADE,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY [ECF. #25]**

    This order addresses Defendants Dean Williams, Travis Trani, Michelle Nelson, Ryder May, David Blakely, Jason Williams, and Steven Blade (collectively, the "Defendants") Motion to Stay Discovery [#25][1] (the "Motion"). The Court has reviewed the Motion, the entire docket, and applicable law. Oral argument will not materially assist the Court in its decision. For the reasons below, the Motion is GRANTED.

### A.    DISCUSSION

    Plaintiff Kandice L. Raven's ("Raven") Complaint [#1] brings two claims pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments arising

---

[1] The Court uses "[#__]" to refer to specific docket entries in CM/ECF.

1

out of allegations concerning her medical care and conditions of confinement against Defendants. [*See generally* #1.] On August 27, 2019, Defendants filed their Motion to Dismiss Prisoner Complaint asserting, among other things, that they are entitled to qualified immunity. [#24.] Defendants now seek a stay of discovery while their motion to dismiss is pending. [ECF. #25.]

Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." The decision to issue a protective order and thereby stay discovery is within the sound discretion of the trial court. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). But stays are the exception in this judicial district, not the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery.").

Upon a showing of good cause, a protective order is appropriate to stay discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Courts consider the propriety of a stay by balancing five factors: (1) Boateng's interests in proceeding expeditiously and the potential prejudice of a delay; (2) the burden on the Defendants if no stay is issued; (3) the convenience to the Court; (4) the interests of non-parties; and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL

2

6153513, at *1 (quoting 8 Charles Alan Wright, et al., Federal Practice & Procedure § 2040, at 521–22 (2d ed.1994)) (further citations omitted). *See also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation marks and citation omitted).

First, the Court acknowledges that Raven has a presumptive right to proceed expeditiously with her claims. *See Alattar v. Bell,* No. 13-cv-02990-MSK-KMT, 2014 WL 2566271, at *2 (D. Colo. June 5, 2014). This right "should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Although she did not file a response to the Motion, on September 13, 2019, she filed her Motion to Stay Deadlines [#36].[2] The Court construes Raven's filing of her own motion to stay as consenting to the relief sought by Defendants' Motion. Thus, apart from observing that a stay would extend the period of discovery, the Court cannot identify any specific prejudice that a delay would cause. In any event, the Court finds that this consideration does not outweigh the importance of first determining the applicability of qualified immunity. Without any specific examples of how Raven's ability to conduct discovery could be adversely affected, the Court finds that the her general interest in proceeding expeditiously is outweighed by the other factors. *Stone v. Vail Resorts Dev. Co.*, Civil Action No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010).

---

[2] The Court denied that motion for lack of good cause shown. [*See* #38.]

The Court also finds that the Defendants would be burdened in the absence of a stay. Here, the Defendants have asserted the qualified immunity defense. Qualified immunity serves to spare officials from unwarranted liability as well as "demands customarily imposed upon those defending a long drawn out lawsuit," and are "effectively lost if a case is erroneously permitted to go to trial." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting in part *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985)). With respect to qualified immunity, the Tenth Circuit has explained:

> Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability . . . Accordingly, qualified immunity questions should be resolved at the earliest possible stage in litigation. Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government.

*Martin v. County of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (emphasis in original)). Thus, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendants' qualified immunity claim." *Id.* (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir.1994)). Raven has made no such demonstration. This factor weighs in favor of a stay.

Next, the Court considers its own convenience. The Court recognizes that an "ill-advised stay" may inconvenience courts by making the "docket less predictable and, hence, less manageable." *Stone*, 2010 WL 148278, at *3. However, "[w]here a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Id.* In this

case, the pending motion to dismiss may result in the dismissal of some or all of the claims in the case. Therefore, a stay may prevent the waste of judicial time and resources in handling discovery disputes regarding claims and parties that are subject to dismissal. Considering this case is in the early stages, the Court concludes that the interests of judicial economy weigh in favor of a stay.

With respect to the fourth factor, neither party has identified any nonparty whose interests would be impacted by the requested stay. Finally, although there is a general public interest in the speedy resolution of legal disputes*, see, e.g., Waisanen v. Terracon Consultants, Inc.*, Civil Action No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009), there is also a strong public policy in "avoiding unnecessary expenditures of public and private resources on litigation." *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015). Given the possibility of dismissal of the case, in whole or in part, the fifth factor weighs in favor of a stay.

### B.    CONCLUSION

Having balanced the five *String Cheese* factors, the Court finds that a stay of discovery pending the resolution of the motion to dismiss is warranted. Therefore, IT IS ORDERED that Defendants' Motion to Stay Discovery [ECF. #25] is GRANTED. This Order does not apply to the briefing schedule for Defendant's Motion to Dismiss [#24].[3]

---

[3] Plaintiff Kandice L. Raven's response to Defendants' Motion to Dismiss [#24] is due October 18, 2019. [*See* #40.] Defendants' reply is due "no later than 14 days after the date of service of the response." D.C.COLO.LCivR 7.1(d).

DATED: October 8, 2019.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge